IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| CHAD HEGGEM, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | **Case No. 4:14-cv-00726-DGK** |
| v. | ) ) | Removed from the Circuit Court of Cass County, Missouri |
| PAPA JOHN'S USA, INC. and PAPA JOHN'S INTERNATIONAL, INC., | ) ) ) | Case No. 14CA-CC00153 |
| Defendants. | ) ) | |

### DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION PETITION FOR DAMAGES

Defendant Papa John's USA, Inc. ("Defendant"), for its answers and defenses to Plaintiff's Petition, states as follows:

1. This is a class action for damages and injunctive relief resulting from Defendant Papa John's USA, Inc. and [sic] charging sales tax on delivery fees in violation of Missouri law.

**ANSWER: Defendant admits Plaintiff purports to bring class action claims against it. Defendant denies Plaintiff – or any putative class members – has a viable cause of action against it and further denies a class action is appropriate. Defendant denies all remaining allegations in Paragraph 1.**

2. Plaintiff, on behalf of himself and the putative class, brings the following counts against Defendants: Count I — Violation of the Missouri Merchandising Practices Act ("MMPA"); Count II — Negligence; and Count III — Unjust Enrichment.

**ANSWER: Defendant admits Plaintiff purports to bring claims against it for a violation of the Missouri Merchandising Practices Act, negligence, and unjust enrichment. Defendant further admits Plaintiff intends to pursue these claims as a class action. Defendant denies Plaintiff – or any putative class members – has a viable cause of action**

1

against it and further denies a class action is appropriate.  Defendant denies all remaining allegations in Paragraph 2.

1. At all relevant times, Plaintiff Chad Heggem ("Plaintiff') was and is a citizen and resident of Cass County, Missouri.

**ANSWER: Defendant is without knowledge or information concerning Plaintiff's citizenry and residence and therefore denies the allegations in Paragraph 1.[1]**

2. This is an action brought directly by Plaintiff against Defendant Papa John's USA, Inc and Defendant Papa John's International, Inc.

**ANSWER: Defendant admits Plaintiff brings this action against both it and Defendant Papa John's International, Inc.   Defendant denies Plaintiff has a viable cause of action against it.  Defendant denies all remaining allegations in Paragraph 2.**

3. Defendant Papa John's USA, Inc. is a Kentucky corporation with its principal place of business in Louisville, Kentucky. Papa John's USA, Inc. owns pizza stores in Missouri, including the store at 8320 E. 171st Street, Belton, MO 64102. Papa John's USA, Inc. is a wholly-owned subsidiary of Papa John's International, Inc.

**ANSWER:  Defendant admits the allegations in Paragraph 3.**

4. Defendant Papa John's International, Inc. is a Delaware corporation with its principal place of business in Louisville, Kentucky. As stated above, it wholly owns Papa John's USA, Inc.

**ANSWER:  Defendant admits the allegations in Paragraph 4.**

5. Papa John's International, Inc. and Papa John's USA, Inc. (collectively referred to "Defendants" or "Papa John's") comprise a single integrated enterprise that owns, has a financial interest in, or franchises 73 restaurant locations in Missouri.

---

[1] Defendant has used the numbering in Plaintiff's Petition.

**ANSWER: Paragraph 5 includes conclusions of law, specifically the use of the phrase "single integrated enterprise," to which no response is required. To the extent a response is required, Defendant denies this allegation. Further answering, Defendant admits there are 74 Papa John's restaurant locations in Missouri. Defendant denies all remaining allegations in Paragraph 5.**

6. Jurisdiction is proper in this county because the acts and/or omissions which are the subject of this litigation occurred in Cass County, Missouri, and Defendant regularly transacts business in Cass County, Missouri.

**ANSWER: Paragraph 6 includes statements or conclusions of law to which no response is required. To the extent a response is required, Defendant admits it transacts business in Cass County, Missouri but jurisdiction is proper in the United States District Court for the Western District of Missouri. Defendant denies all remaining allegations in Paragraph 6.**

7. Venue is proper in Cass County, Missouri, pursuant to RSMo § 508.010.

**ANSWER: Paragraph 7 includes statements or conclusions of law to which no response is required. To the extent a response is required, Defendant admits venue is proper in in the United States District Court for the Western District of Missouri regarding Plaintiff's individual claims. Defendant denies venue in Cass County, Missouri was proper for the claims of other, unidentified class members. Defendant denies all remaining allegations in Paragraph 7.**

8. Defendants offer pizza and other foods for sale to the general public. Customers may order pizza and food from Defendants either in person at the store location, over the phone,

via an ordering application on a smartphone, or through the internet website www.papajohns.com, which redirects customers to order.papajohns.com/index.html.

**ANSWER: Defendant admits customers may order pizza and other food items from Papa John's restaurant locations and there are multiple methods of ordering, including phone, in-person, and through the internet at www.papajohns.com. Defendant denies all remaining allegations in Paragraph 8.**

9. When placing an order with any traditional Papa John's Missouri location, customers may physically go to the store where they placed the order to pick up their food or, at the customers' option, Defendants will deliver the food to the customer. If a customer elects to have their food delivered, Defendants charge the customer a delivery fee, which is listed separately on the Defendants' purchase receipt.

**ANSWER: Defendant admits customers may order pizza and other food items through Papa John's restaurant locations and their items may be picked up or delivered. Defendant further admits customers who order from a Defendant-owned Papa John's restaurant location and elect to have their order delivered are generally charged a delivery fee, which is listed on the purchase receipt. Defendant denies all remaining allegations in Paragraph 9.**

10. Papa John's and all of its franchised Papa John's locations throughout Missouri charge customers a sales tax on the delivery fee.

**ANSWER: Defendant is without sufficient knowledge or information to answer the allegations in Paragraph 10 and, therefore, denies the allegations in Paragraph 10.**

11. The billing practice for charging sales tax on delivery fees was orchestrated and mandated by Papa John's and is followed by every Papa John's restaurant in Missouri at the

4

direction of Papa John's. Aside from those restaurants owned by Papa John's, Papa John's restaurant franchisees are instructed and required to collect sales tax on delivery fees.

**ANSWER: Defendant denies the allegations in Paragraph 11.**

12. Papa John's proprietary PROFIT system, point-of sale technology ("Profit System"), was integrated into all traditional Papa John's locations. The Profit System provides digital ordering for customers and provides locations with a fast and supposedly accurate method for order taking and pricing. The Profit System from Papa John's dictates the method used for calculating pricing, including sales tax charges, which franchisees utilize at the direction of Papa John's, to create bills for customers.

**ANSWER: Defendant admits the PROFIT System™ point-of-sale technology is in place in North America Papa John's restaurants. To the extent the second sentence of paragraph 12 is directed toward Defendant, Defendant states it believes the PROFIT System™ facilitates fast and accurate order-taking and pricing. Defendant further states the PROFIT System™ is closely integrated with digital ordering solutions in domestic traditional Papa John's restaurants, enabling Papa John's restaurants to offer nationwide digital ordering to customers. Defendant denies the remaining allegations of paragraph 12.**

13. In Missouri, sales tax may only be imposed on the total sales price of taxable tangible property and certain enumerated services. The sales price is the total amount paid for tangible goods, including services that are a part of the sale; however, if the purchaser is not required to pay the service charge (i.e. delivery charge) as part of the sale price of personal property (i.e. pizza), the amount paid for the service is not subject to tax if the charge for such service is separately stated. See RSMo. § 144.020.1; 12. C.S.R. 10-103.600(3)(A).

5

Case 4:14-cv-00726-DGK   Document 23   Filed 01/15/15   Page 5 of 20

**ANSWER:  Paragraph 13 includes statements or conclusions of law to which no response is required.  To the extent a response is required, Defendant states the cited statute and regulation speak for themselves and denies any remaining allegations in Paragraph 13.**

14. For all food ordered from Papa John's, a customer has the option to pick up the food or have it delivered, and is therefore Papa John's customers are not required to pay such a "service charge." Additionally, the charge for any delivery is separately stated. See Exhibit 1. Accordingly, Papa John's and its franchise owners are not legally permitted to assess and collect sales tax on a delivery charge.

**ANSWER:  Defendant admits Papa John's restaurants generally allow customers to place carryout orders, which must be picked up by the customer, or a person acting on the customer's behalf, at a Papa John's restaurant location. However, carryout hours are often more limited than delivery hours, and some customers may be unable to physically travel to the restaurant location from which they wish to order pizza. Thus, whether a customer is "required" to pay a delivery charge can only be determined on an individual, order-by-order basis. Defendant also notes that no exhibits were attached to Plaintiff's Petition and Defendant is without sufficient knowledge to respond to the allegation that all Papa John's customers receive receipts with delivery charges separately stated.  Defendant therefore denies that allegation. The final sentence of paragraph 14 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant denies all remaining allegations in Paragraph 14.**

15. Despite clear Missouri law to the contrary, Papa John's and its franchise stores have in the past charged and on information and belief, continue to charge sales tax on delivery

fees. As a result, every customer who has ordered food for delivery from any Papa John's location in Missouri has paid excess sales tax that Defendants and its franchise owners were not entitled to collect.

**ANSWER: Paragraph 15 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 15.**

16. On or about January 25, 2013, Plaintiff Chad Heggem placed on order via www.papajolms.com with a Papa John's location at 8320 E. 17151 Street in Belton, Missouri, owned by Defendant Papa John's USA, Inc. Plaintiff chose to have the order delivered as opposed to picking up the order at the store. Plaintiff was charged a delivery fee in the amount of $2.39. Plaintiff was improperly charged sales tax of 8.225% on the delivery fee. Under Missouri law, Defendants were not permitted to charge sales tax on the delivery fee. Accordingly, Defendants required Plantiff [sic] to pay an additional $0.20 in sales tax for a non-taxable service.

**ANSWER: The final two sentences of Paragraph 16 state a legal conclusion to which not response is required. To the extent a response is required, Defendant denies the allegations in these two sentences. Further answering, Defendant states it is without knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff and therefore denies the same. Defendant denies all remaining allegations in Paragraph 16.**

17. This action is brought as a plaintiff class pursuant to Missouri Rule of Civil Procedure 52.08. Plaintiff brings this action on her own behalf and all others similarly situated, as representative of the following class:

**"All persons who ordered food from any Papa John's location in the State of Missouri and elected to have their order delivered, were charged a delivery fee, and were charged and paid sales tax on the itemized delivery fee."**

**ANSWER: Defendant admits Plaintiff purports to bring class action claims against it. Defendant denies Plaintiff – or any putative class members – has a viable cause of action against it and further denies a class action is appropriate. Defendant denies all remaining allegations in Paragraph 17.**

18. Excluded from this proposed Class are:

    a. Defendants;

    b. Any entities in which Defendants have or had a controlling interest;

    c. Any officers or directors of Defendants;

    d. The legal representatives, heirs, successors, and assigns of Defendants;

    e. Any Judge assigned to this action and his or her immediate family, and anyone who timely requests exclusion from the Class.

**ANSWER: Paragraph 18 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant admits Plaintiff purports to define the putative class so as to exclude those individuals described in subparagraphs (a) – (e). Defendant denies there is any "class" and denies all remaining allegations in Paragraph 18.**

19. The particular members of the class are capable of being described without difficult managerial or administrative problems. The members of the Class are readily identifiable from the information and records in the possession or control of the Defendant.

**ANSWER: Paragraph 19 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies there is any "class" or "members of the Class." Defendant denies all remaining allegations in Paragraph 19.**

20. The Class consists of thousands of individual members and is, therefore, so numerous that individual joinder of all members is impractical.

**ANSWER: Paragraph 20 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies there is any "class" or "members of the Class." Defendant denies all remaining allegations in Paragraph 20.**

21. There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of the Class and, in fact, the wrongs suffered and remedies sought by Plaintiff and the other members of the Class are premised upon an unlawful scheme perpetuated uniformly upon all the Class members. The only material difference between the Class members' claims is the exact monetary amount to which each member of the Class is entitled. The principal common issues include, but are certainly not limited to the following:

   a. Whether Defendants provided customers with an option to choose either carry-out or delivery for food ordered at Papa John's locations in Missouri;

   b. Whether the fee for delivery was separately stated on Papa John's invoices;

   c. Whether Defendants charged a sales tax on delivery fees charged to customers who elected to have their food delivered;

   d. Whether the charging of sales tax on delivery fees was an unlawful and/or unfair practice in violation of the MMPA;

   e. Whether Defendants misrepresented that a sales tax was owed on delivery fees;

   f. Whether Defendants were negligent in the calculating sales tax owed by its customers for deliveries;

   g. Whether Defendants were negligent in the charging of sales tax on delivery fees;

h. Whether Plaintiff and the Class conferred a benefit on Defendant in the form of money collected by Defendants' as purported sales tax on delivery fees;

i. Whether Defendants' retention of the funds collected as purported sales tax on delivery fees would be unjust.

j. Whether Defendants should be enjoined from continuing its improper and unlawful sales tax practices as described above.

**ANSWER: Paragraph 21 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies there is any "class," "class members," or "members of the Class." Defendant denies all remaining allegations in Paragraph 21.**

22. Plaintiff's claims are typical of those of the Class and are based on the same legal and factual theories as outlined above.

**ANSWER: Paragraph 22 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies there is any "class." Defendant denies all remaining allegations in Paragraph 22.**

23. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has no claims antagonistic to those of the Class. Plaintiff has retained competent and experienced counsel who have prosecuted dozens of complex class actions within Missouri and across the nation. Undersigned counsel is committed to the vigorous prosecution of this action.

**ANSWER: Paragraph 23 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies there is any "class" and further denies all remaining allegations in Paragraph 23.**

24. Certification of a plaintiff class is appropriate in that Plaintiff and the Class members seek monetary damages, common questions predominate over any individual questions, and a plaintiff class action is superior for the fair and efficient adjudication of this controversy. A plaintiff class action will cause an orderly and expeditious administration of the Class members' claims. Economies of time, effort and expense will be fostered, and uniformity of decisions will be ensured by certification of the class. Moreover, the individual class members are unlikely to be aware of their rights and are not in a position (either through experience or financially) to commence individual litigation against Defendant and its vast resources.

**ANSWER: Paragraph 24 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies there is any "class" or "members of the Class." Defendant denies all remaining allegations in Paragraph 24.**

25. Alternatively, certification of a plaintiff class is appropriate in that inconsistent or varying adjudications with respect to individual members of the Class would establish incompatible standards of conduct for the Defendant. In addition, as a practical matter, adjudications with respect to individual members of the Class would be dispositive of the interests of the other members not parties to the adjudications, or would at the very least substantially impair or impede their ability to protect their interests.

**ANSWER: Paragraph 25 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies there is any "class" or "members of the Class." Defendant denies all remaining allegations in Paragraph 25.**

26. The Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**ANSWER:** Paragraph 26 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies there is any "class" or "members of the Class." Defendant denies all remaining allegations in Paragraph 26.

27. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1-26 as if fully set forth herein.

28. RSMo. § 407.020 prohibits the use of any "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce"...

**ANSWER:** Paragraph 28 includes statements of law to which no response is required. To the extent a response is required, Defendant admits Plaintiff accurately quotes RSMo. § 407.020.1. Defendant denies all remaining allegations in Paragraph 28.

29. An "unfair practice" is defined by Missouri law, 15 CSR 60-8.020, as any practice which:

A. Either-
   1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or
   2. Is unethical, oppressive or unscrupulous; and

B. Presents a risk of, or causes, substantial injury to consumers.

**ANSWER:** Paragraph 29 includes statements of law to which no response is required. To the extent a response is required, Defendant admits Plaintiff accurately quotes 15 CSR 60-8.020(1). Defendant denies all remaining allegations in Paragraph 29.

30. An "unfair practice" is further defined by Missouri law, 15 CSR 60-8.040,

12

accordingly:

1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith.

**ANSWER: Paragraph 30 includes statements of law to which no response is required. To the extent a response is required, Defendant admits Plaintiff accurately quotes 15 CSR 60-8.040. Defendant denies all remaining allegations in Paragraph 30.**

31. "Merchandise" is defined by the MMPA, at RSMo. § 407.010(4), to include the providing of "services" and, therefore, encompasses the delivery of food.

**ANSWER: Paragraph 31 includes conclusions or statements of law to which no response is required. To the extent a response is required, Defendant admits RSMo § 407.010(4) defines "merchandise" to include services. Defendant denies all remaining allegations in Paragraph 31.**

32. "Person" is defined by the MMPA, at RSMo. § 407.010(5), to include any "for-profit or not-for-profit corporation...company...business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestui que trust thereof."

**ANSWER: Paragraph 32 includes statements of law to which no response is required. To the extent a response is required, Defendant admits Plaintiff accurately quotes from RSMo § 407.010(5). Defendant denies all remaining allegations in Paragraph 32.**

33. Defendants are subject to the MMPA as a person who provides merchandise under the statutory definitions.

**ANSWER: Paragraph 33 includes conclusions or statements of law to which no response is required. To the extent a response is required, Defendant admits it is a "person" as defined by RSMo § 407.010(5). Defendant denies all remaining allegations in Paragraph 33.**

34. Defendants have breached the MMPA by their actions, which include, but are not limited to the following:

   a. Misrepresenting the amount of sales tax due for delivery of food to its customers;

   b. Deceiving its customers into believing they were responsible for payment of sales tax on delivery fees;

   c. Unfairly collecting sales tax on delivery fees when assessment and collection of sales tax on optional, separately-stated service charges violates Missouri law;

   d. Violating the duty of good faith by failing to disclose its unfair sales tax billing and collection practices to Papa John's customers;

   e. Committing an unfair practice by violating the public policy and/or common laws of this state.

**ANSWER: Defendant denies the allegations in Paragraph 34.**

35. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

**ANSWER: Defendant incorporates its responses to Paragraphs 1-34 as if fully set forth herein.**

36. Papa John's owed Plaintiff and all others similarly situated a duty to exercise reasonable care to determine, represent, charge and collect the correct amount of sales tax on food and services.

14

**ANSWER: Paragraph 36 includes conclusions or statements of law to which no response is required. To the extent a response is required, Defendant denies Plaintiff accurately characterizes its duties under Missouri law and denies all remaining allegations in Paragraph 36.**

37. Papa John's was negligent and breached its duty of reasonable care in the following respects:

   a. Incorrectly calculating the amount of sales tax it was allowed to charge customers for delivery of food;

   b. Charging sales tax on optional delivery fees assessed and listed separately in addition to the sales price of food in violation of Missouri law;

   c. Collecting sales tax on optional delivery fees assessed and listed separately in addition to the sales price of food in violation of Missouri law

   d. Failing to disclose to customers that it was charging sales tax on delivery fees.

   **ANSWER: Defendant denies the allegations in Paragraph 37.**

38. As a direct and proximate result of Papa John's negligence, Plaintiff and all other similarly situated sustained monetary damages in the form of sales tax paid on non-taxable services.

   **ANSWER: Defendant denies the allegations in Paragraph 38.**

39. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

   **ANSWER: Defendant incorporates its responses to Paragraphs 1-38 as if fully set forth herein.**

40. As alleged above, Defendants have engaged in a pattern of charging and collecting sales tax on a non-taxable delivery service in violation of Missouri law.

**ANSWER: Defendant denies the allegations in Paragraph 40.**

41. Defendants have been unjustly enriched in that they received and retained the benefits of funds to which they were not entitled and received in violation of Missouri law.

**ANSWER: Defendant denies the allegations in Paragraph 41.**

42. Said funds were conferred on Defendants by Plaintiff and the Class members under a mistake of fact due to Defendants' misrepresentations, and unlawfully obtained to the detriment of Plaintiff and the Class members.

**ANSWER: Defendant denies the allegations in Paragraph 42.**

43. Defendant's retention of these funds is unjust because Defendants misrepresented the amount of sales tax due for provision of its goods and services, and collected more sales tax than allowed under Missouri law.

**ANSWER: Defendant denies the allegations in Paragraph 43.**

44. Allowing Defendant to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

**ANSWER: Defendant denies the allegations in Paragraph 44. Defendant further denies Plaintiff, or any purported class member, is entitled to any of the relief requested in the unnumbered paragraph beginning with "WHEREFORE" immediately following Paragraph 44. Defendant further denies Plaintiff is entitled to a jury trial on any claims sounding in equity, including his unjust enrichment claim. Defendant further denies any allegations in Plaintiff's Petition that are not expressly admitted herein.**

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have. For purposes of these Affirmative and Other Defenses, the term "Plaintiff" includes Plaintiff Heggem and any putative class member.

1. Plaintiff's Petition fails to state a claim upon which relief may be granted.

2. Plaintiff's claims fail because Defendant owed no applicable duty of care to Plaintiff.

3. Plaintiff's claims, if any, are barred, in whole or in part, by applicable statutes of limitations and/or statutes of repose.

4. Plaintiff is estopped from pursuing the claims set forth in the Petition by reason of his own acts, omissions, and course of conduct.

5. Plaintiff's claims, if any, are barred, in whole or in part, by the doctrine of laches.

6. Plaintiff's Petition must be dismissed for failure to join necessary parties, including the Missouri Department of Revenue. Plaintiff's claims for alleged sale tax overpayment, if any, are not recoverable from Defendant. Per Mo. Rev. Stat. §144.190.4(2), Plaintiff's proper course of action is to seek refund from the Missouri Department of Revenue.

7. Plaintiff's claims are barred for failure to exhaust administrative remedies and to satisfy conditions precedent to this suit, including by failing to seek a refund of alleged sales-tax overpayments from the Missouri Department of Revenue.

8. Plaintiff's claim for a violation of the Missouri Merchandising Practices Act (MMPA) must fail because the collection of sales tax is not an "unfair practice" under the MMPA.

9. Plaintiff's claim for negligence fails because of the economic loss doctrine.

10. Plaintiff's claim for unjust enrichment must fail because Defendant has not retained the sales tax for which Plaintiff seeks recovery.

11. Plaintiff's claims are barred because his injuries were the result, in whole or in part, of Plaintiff's own negligence, recklessness, wrongful conduct, fault and/or assumption of risk. In the event that any judgment or recovery is had against Defendant by Plaintiff, Defendant is entitled to a reduction of any such judgment or recovery in direct proportion to the percentage of comparative fault attributable to Plaintiff.

12. Plaintiff's claims are barred because some or all of Plaintiff's alleged damages resulted from the acts or omissions of non-party franchisees who are not under the control or direction of Defendant, which constitutes supervening, superseding, or intervening causes for which Defendant is not liable. To the extent that Plaintiff's alleged damages are caused in whole or in part by such third parties, liability shall be apportioned according to fault, irrespective of whether such third parties become parties to this action.

13. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate any injuries and damages they allegedly suffered.

14. Plaintiff is barred from pursuing some, or all, of his claims or remedies by the doctrine of unclean hands.

15. The Seventh and Fourteenth Amendments to the United States Constitution prohibit a jury from determining Defendant's liability and/or damages, if any, to Plaintiff and others with whom she is allegedly "similarly situated" on a group or aggregated basis.

16. Plaintiff's claims are barred because the actions allegedly taken by Defendant were not the proximate cause of any alleged loss incurred by Plaintiffs.

17. Defendant is entitled to a set-off to the extent that Plaintiff receives any recovery

18

Case 4:14-cv-00726-DGK   Document 23   Filed 01/15/15   Page 18 of 20

from any other source or third-party, including the Missouri Department of Revenue.

18. Plaintiff's claims for punitive damages are barred because Defendant acted in good faith and had reasonable grounds for believing its actions were not in violation of any law.

19. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative or other defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates they would be appropriate.

Having fully answered Plaintiff's Petition, Defendant requests the Petition be dismissed with prejudice and Defendant be awarded its costs, attorneys' fees and such other relief as may be just and proper.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.

 /s/   Jennifer K. Oldvader  _____
Patrick F. Hulla, #41745
Justin M. Dean, MO #48647
Jennifer K. Oldvader,  #60649
4520 Main Street, Suite 400
Kansas City, MO  64111
Telephone:  816.471.1301
Facsimile:  816.471.1303
pat.hulla@ogletreedeakins.com
justin.dean@ogletreedeakins.com
jennifer.oldvader@ogletreedeakins.com


**ATTORNEYS FOR DEFENDANT
PAPA JOHN'S USA, INC.**

19

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this 15th day of January, 2015, the foregoing was filed electronically with the Court Administrator using the ECF system, who then sent email notification to:

Mitchell L. Burgess #47524
Blake P. Green #68033
Burgess & Green, P.C.
1000 Broadway, Suite 400
Kansas City, MO  64105
(816) 471-1700
(816) 471-1701 (*Facsimile*)
mitch@burgessandgeen.com
blake@burgessandgreen.com

Ralph K. Phalen #36687
Ralph K. Phalen, Attorney at Law
1000 Broadway, Suite 400
Kansas City, MO  64105
(816) 589-0753
(816) 471-1701 (*Facsimile*)

**ATTORNEYS FOR PLAINTIFFS**

                                      /s/  Jennifer K. Oldvader
                                     **ATTORNEY FOR DEFENDANT**

20055082.1